UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ELROY DOUCET

VERSUS

R. & R. BOATS, INC.

CIVIL ACTION

NO. 17-421-BAJ-EWD

## RULING ON CONSENT MOTION FOR LEAVE TO FILE COMPLAINT OF INTERVENTION

Before the Court is a Consent Motion for Leave to File Complaint of Intervention (the "Motion to Intervene")[1] filed by American Longshore Mutual Association, Ltd. ("ALMA"). ALMA seeks to intervene in this suit pursuant to Fed. R. Civ. P. 24(a).[2] Per ALMA's Motion to Intervene, "[c]ounsel for plaintiff, Elroy Doucet, has no opposition to the filing and granting of this motion.[3] For the reasons set forth herein, ALMA's Motion to Intervene[4] is GRANTED.[5]

### I. Background

On July 3, 2017, plaintiff, Elroy Doucet ("Plaintiff"), filed a Complaint for Damages in Admiralty (the "Complaint") against defendant, R. & R. Boats, Inc. ("R. & R." or "Defendant").[6]

---

[1] R. Doc. 6.

[2] R. Doc. 6-2, ¶ 1.

[3] R. Doc. 6, p. 1. ALMA does not indicate whether defendant, R. & R. Boats, Inc. ("R. & R.") objects to the Motion to Intervene. However, pursuant to Local Civil Rule 7(f), any opposition to the Motion to Intervene was due within twenty-one days after service. As this motion was filed on September 16, 2017, any opposition thereto was due on or before October 9, 2017.

[4] R. Doc. 6.

[5] Magistrate judges may "hear and determine" non-dispositive pre-trial motions pursuant to 28 U.S.C. § 636(b)(1)(A). "A motion to intervene is considered a non-dispositive motion." *Johnson v. Qualawash Holdings, LLC*, 12CV-0885, 2013 WL 3050021, at *2 (W.D. La. June 17, 2013) (citing *S.E.C. v. Koirnman*, Civ. A. 3:04CV1803L, 2006 WL 148733, at *2 (N.D. Tex. Jan. 18, 2006)). *See also*, *Stephens v. State Farm and Cas. Co.*, Civil Action No. 07-2433, 2010 WL 1292719, at *3 (E.D. La. March 8, 2010) ("The portion of Road Home's motion seeking leave to intervene is a non-dispositive matter which I may address by order.").

[6] R. Doc. 1. Per the Complaint, Plaintiff asserts that this court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1333, which provides that district courts "shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction…." In its Answer, R. & R. "admits that this Court has subject matter jurisdiction pursuant to its admiralty and general maritime law jurisdiction 28 U.S.C. 1333." R. Doc. 7, ¶ 1.

1

Per the Complaint, Plaintiff alleges that he was injured while traveling as a passenger on board the M/V Landon James, "a vessel in navigation" "owned, being operated by and under the sole custody and control of" Defendant.[7] Plaintiff alleges that at the time of the incident, while transporting Plaintiff and "other workers to various platforms located in the Gulf of Mexico"[8] the M/V Landon James encountered progressively worsening seas "to the point where they were unreasonably dangerous for the M/V Landon James to continue traversing."[9] Due to the "extremely rough sea conditions," Plaintiff alleges that he "lost his balance and fell onto and against the edge of a table, striking and injuring his back, left shoulder, and neck…."[10] Plaintiff contends that he has been rendered totally disabled from working, and asserts that his injuries occurred "solely through the negligence and/or fault on the part of" Defendant.[11]

Plaintiff alleges that "[o]n the date and time of the incident, [he] was employed by W&T Offshore…."[12] Per its proposed Complaint of Intervention, ALMA alleges that it "issued a Member's Coverage Agreement to W&T Offshore, Inc. covering its liabilities for injuries to its employees pursuant to the Outer Continental Shelf Lands Act, 43 U.S.C. §1333 ('OCSLA'), extending the benefits of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §901, et seq. ('LHWCA')."[13] ALMA alleges that it "has incurred liability for the payment of indemnity

---

[7] R. Doc. 1, ¶¶ 3 & 5.

[8] R. Doc. 1, ¶ 6.

[9] R. Doc. 1, ¶ 7.

[10] R. Doc. 1, ¶ 8.

[11] R. Doc. 1, ¶¶ 9-10.

[12] R. Doc. 1, ¶ 4.

[13] R. Doc. 6-2, ¶ 7. *See also*, 43 U.S.C. § 1333(b) ("With respect to disability or death of an employee resulting from any injury occurring as the result of operations conducted on the outer Continental Shelf for the purpose of exploring for, developing, removing, or transporting by pipeline the natural resources, or involving rights to the natural resources, of the subsoil and seabed of the outer Continental Shelf, compensation shall be payable under the provisions of the Longshore and Harbor Workers' Compensation Act….").

and medical benefits under the OCSLA and LHWCA to Elroy Doucet."[14] Specifically, ALMA asserts that following the incident, Plaintiff filed a claim for workers' compensation benefits and that "ALMA paid to or on behalf of [Plaintiff] weekly compensation benefits, medical expenses, and other expenses…" such that it "is entitled to intervene in these proceedings, and to recover from R. & R. Boats, Inc. directly and by preference and priority from the first monies received by [Plaintiff]…for the compensation, medical expenses and attorney fees ALMA has paid…."[15]

## II. Law and Analysis

ALMA seeks to intervene in this suit under Fed. R. Civ. P. 24(a). That section provides that on "timely motion" the court must permit intervention by anyone who is either (1) given an unconditional right to intervene by federal statute; or (2) "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

### A. Timeliness of the Motion to Intervene

Whenever leave to intervene is sought under Rule 24, "the application must be timely." *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977). The timeliness of a motion to intervene is a matter committed to the sound discretion of the trial court. *McDonald v. E.J. Lavino*, 430 F.2d 1065, 1071 (5th Cir. 1970). Timeliness "is not limited to chronological considerations but 'is to be determined from all the circumstances.'" *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977). The Fifth Circuit has set forth four factors to consider when evaluating whether a motion to intervene is timely: (1) the length of time during which the proposed

---

[14] R. Doc. 6-2, ¶ 8.
[15] R. Doc. 6-2, ¶¶ 13-15.

intervenor should have known of his interest in the case before he petitioned to intervene; (2) the extent of prejudice that those parties already in the litigation would suffer "as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case;" (3) the extent of prejudice to the proposed intervenor if he is not allowed to intervene; and (4) the existence of "unusual circumstances militating either for or against a determination that the application is timely." *Ross v. Marshall*, 426 F.3d 745, 754 (5th Cir. 2005) (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264-266 (5th Cir. 1977)).

Here, Plaintiff filed his Complaint on July 3, 2017.[16] ALMA filed the Motion to Intervene on September 16, 2017.[17] The previously set scheduling conference was rescheduled to permit a ruling on the Motion to Intervene,[18] and therefore no scheduling order has been put in place. No party has asserted the Motion to Intervene is untimely. Accordingly, the Court finds ALMA's Motion to Intervene to be timely.

### B. Intervention of Right

Pursuant to Fed. R. Civ. P. 24(a), on timely motion, a party is entitled to intervene in a pending lawsuit when it either "is given an unconditional right to intervene by federal statute" or (1) the potential intervenor asserts an interest that is related to the property or transaction that is the subject of the action in which he seeks to intervene; (2) the potential intervenor is so situated that disposition of the case may as a practical matter impair or impede his ability to protect his interest; and (3) the parties already in the action do not adequately protect the potential intervenor's interest. Fed. R. Civ. P. 24(a)(1) & (2); *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001). As discussed above, the Court finds ALMA's Motion to Intervene to be timely.

---

[16] R. Doc. 1.

[17] R. Doc. 6.

[18] R. Doc. 9.

"The LHWCA, like other workers' compensation schemes, embodies a compromise between workers and employers: workers injured on the job receive quick, certain compensation from their employers regardless of fault, but employers are generally absolved from any further liability in relation to such injuries." *Chenevert v. Travelers Indem. Co.*, 746 F.3d 581, 585 (5th Cir. 2014). "However, the LHWCA generally preserves an injured worker's remedies against third parties who may have caused the injury. For example, a worker covered by the LHWCA whose injury is 'caused by the negligence of a vessel' may bring an action against the vessel." *Id*. (citing 33 U.S.C. § 905(b) ("In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party….")). Accordingly, it is "possible for an injured worker to obtain a tort recovery from a third party based on injuries for which he has already been compensated by his employer under the LHWCA." *Id*.

The Fifth Circuit has explained that "[a]lthough the LHWCA 'does not expressly provide for reimbursement from a judgment or settlement obtained by the worker from a third party of compensation benefits that an employer has already paid,' courts 'have uniformly held ... that an employer has a subrogation right to be reimbursed from the worker's net recovery from a third party for the full amount of compensation benefits already paid.' Furthermore, if compensation benefits are paid by an employer's insurer, that insurer is subrogated to the employer's reimbursement rights under the LHWCA." *Id*. (quoting *Peters v. North River Ins. Co.*, 764 F.2d 306, 312 & 308, n. 1 (5th Cir.1985)). *See also*, 33 U.S.C. §§ 933(b) ("Acceptance of compensation under an award in a compensation order…shall operate as an assignment to the employer of all rights of the person entitled to compensation to recover damages against such third person….") & 933(h) ("Where the employer is insured and the insurance carrier has assumed the payment of the

5

compensation, the insurance carrier shall be subrogated to all the rights of the employer under this section."). Further, the LHWCA provides for a "statutory right to a set-off against [the employer's] compensation payments for any amount received by the employee by way of settlement with a third party tortfeasor…." *Petroleum Helicopters, Inc. v. Collier*, 784 F.2d 644, 646 (5th Cir. 1986). *See also*, 43 U.S.C. § 933(f); *Foret v. Transocean Offshore (USA), Inc.*, Civil Action No. 09-4567, 2011 WL 4443527, at * 2 (E.D. La. Sept. 23, 2011) ("Longshore and Harbor Workers' Compensation Act, at 33 U.S.C. § 933(f), provides to New Hampshire Insurance Company a right of credit with respect to any net amount received by Foret in his claim against Transocean.").

Based on LHWCA and the rights of employers and insurers set forth therein, as well as ALMA's assertion that it has made compensation payments to Plaintiff, ALMA has asserted an interest in this lawsuit sufficient to support its intervention pursuant to Fed. R. Civ. P. 24(a). *See*, *Foret*, 2011 WL 4443527, at * 2 ("under Rule 24(a) of the Federal Rules of Civil Procedure, New Hampshire Insurance Company may intervene of right under the federal Longshore and Harbor Workers' Compensation Act."); *Chenevert*, 746 F.3d at 588 (reversing district court's denial of insurer's motion to intervene and holding that "an insurer who makes voluntary LHWCA payments to an injured employee on behalf of the employer acquires a subrogation lien on any recovery by the employee in a Jones Act suit against the employer based on the injuries for which the insurer has already compensated him. We therefore conclude that Travelers is entitled to the disputed funds in the district court's registry, and that Travelers may intervene for the purpose of collecting these funds.") (citing *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1071 (5th Cir.1970) (insurer's intervention to protect its subrogation interest in a plaintiff's recovery is cognizable as

intervention of right under Rule 24(a)). Accordingly, the Court finds ALMA to be an intervenor of right under Fed. R. Civ. P. 24(a)(2).[19]

### III. Conclusion

For the reasons set forth herein, the Consent Motion for Leave to File Complaint of Intervention[20] filed by American Longshore Mutual Association, Ltd. is GRANTED.

Signed in Baton Rouge, Louisiana, on October 10, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[19] No party contends, and the Court does not find, that ALMA's interests are adequately represented by either Plaintiff or Defendant in this suit. Like Plaintiff, ALMA has an interest in maximizing recovery against Defendant. *See*, *Dushane v. Gallagher Kaiser Corp.*, Civ. A. 05-171, 2005 WL 1959151, at *6 (W.D. La. Aug. 10, 2005) ("After careful consideration, the court finds GM is more properly considered an intervenor-plaintiff. If allowed to intervene, GM no doubt will align itself with Plaintiffs, as it is in GM's interest for Plaintiffs to maximize their recovery against Defendants and thereby increase the potential for GM to recover all of the worker's compensation benefits it already has paid Plaintiffs. The less Plaintiffs recover, the less reimbursement GM will receive. If Plaintiffs had not filed a suit at all, and GM filed its own suit against Defendants to seek reimbursement, GM would be considered a plaintiff in every sense of the word."). However, the recovery sought by ALMA (reimbursement for past payments) is separate from Plaintiff's damage claim.

[20] R. Doc. 6.