# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELROY DOUCET** | **CIVIL ACTION** |
| **VERSUS** | |
| **R. & R. BOATS, INC.** | **NO.: 17-00421-BAJ-EWD** |

## RULING AND ORDER

Before the Court is Defendant R. & R. Boats' **Motion for Partial Summary Judgment (Doc. 52)**. The motion is opposed by Plaintiff Elroy Doucet (Doc. 55) and Intervenor Plaintiff American Longshore Mutual Association, Inc (Doc. 53).[1] For the reasons stated below, the Motion is **DENIED**.

## I. BACKGROUND

On December 24, 2015, while being transported to an offshore jobsite in the Gulf of Mexico aboard the M/V LANDON JAMES, a vessel owned and operated by R. & R. Boats, Plaintiff suffered a fall causing damages to his back, neck, and shoulder. (Doc. 1, at ¶ 8). In his Complaint, Plaintiff alleges that he fell due to rough sea conditions that were unreasonably dangerous to traverse. (*Id.* at ¶ 7). He contends that his injuries were caused solely by the negligence of R. & R. Boats, who pressed onward in the rough sea. (*Id.* at ¶ 10). Among other damages, Plaintiff seeks to

---

[1] Defendant argued in its Reply (Doc. 62) that Intervenor Plaintiff improperly asserted a new claim in its Opposition. (Doc. 62, at p. 1). The Court will address that argument in a separate ruling, as Defendant subsequently filed a Motion in Limine to Strike ALMA's New Claim (Doc. 59).

recover for "loss of wages and/or loss of earning capacity; past, present and future." (*Id*. at ¶ 12).

Invoking the doctrine of judicial estoppel, Defendant seeks partial summary judgment in its favor, dismissing Plaintiff's claims to recover economic damages for loss of wages, past or present, loss of earnings capacity, and employer-provided benefits. (Doc. 52, at p. 2). The Court notes that Plaintiff did not file an opposing statement of material facts in response to Defendant's Statement of Uncontested Facts (Doc. 52–1), as required by Local Rule 56(c).[2] Accordingly, the Court adopts Defendant's Statement of Uncontested facts.

After Plaintiff's initial deposition on June 8, 2018, Defendant received additional medical records from the Department of Veterans Affairs ("VA") detailing military-related disability claims awarded to Plaintiff. (Doc. 37–2, at p. 3–4). Following the receipt of this discovery, Defendant filed a Motion for Leave to Re-Open the Deposition of Plaintiff (Doc. 37), which the United States Magistrate Judge granted. *See* (Doc. 51). During the follow-up deposition on October 18, 2019, Defendant confirmed that Plaintiff had been awarded full 100% military-related disability by the VA on account of conditions resulting from his exposure to Agent Orange during his wartime service in Vietnam. (Doc. 52–2).

---

[2] Local Rule 56 (c) requires a party opposing a motion for summary judgment to submit a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts asserted in the motion.

## II.   LEGAL STANDARD

Summary judgment is proper if Defendant shows that there is no genuine dispute as to Plaintiff's claims for economic damages by application of the doctrine of judicial estoppel, and that it is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In deciding whether Defendant has made that showing, the Court views facts and draws reasonable inferences in Plaintiff's favor. *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).

## III.   DISCUSSION

At the core of its argument, Defendant posits that it is "abundantly clear that the Plaintiff has advanced inconsistent positions to two different tribunals—this Court and the VA—as to the cause of his disabilities." (Doc. 52–2 at p. 3). As a result of Plaintiff's total disability rating under the VA schedule system, Defendant argues the Court should not consider any claims for separate disability resulting from the injuries alleged in this action.

Judicial estoppel is "a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position." *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999), citing *Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir.1988). The doctrine should be applied if "(1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) the party against which estoppel is sought convinced a court to accept the prior position; and (3) the party did not act inadvertently." *Jethroe v. Omnova Sols., Inc.*, 412 F.3d 598, 600 (5th Cir. 2005).

3

Here, Defendant has not demonstrated that Plaintiff's representations to the VA and subsequent disability award under the VA schedules is "plainly inconsistent" with his position that the injury at issue disabled him. Under 38 U.S.C. § 1155, pursuant to which Plaintiff received his 100% disability award, ratings are based on "average impairments of earning capacity resulting from such injuries in civil occupations." 38 U.S.C. § 1155. This hypothetical average approach can be contrasted against the alternative Total Disability Individual Unemployability ("TDIU") disability rating available to veterans. "Unlike the regular disability rating schedule, which is based on the average work-related impairment caused by a disability, 'entitlement to TDIU is based on an individual's particular circumstances.'" *Bendell v. Shinseki*, No. 13-0297, 2014 WL 2693859, at *2 (Vet. App. Jan. 23, 2014). A total disability rating for TDIU requires a determination that the applicant is unable to secure and follow a substantially gainful occupation. *Painter v. Wilkie*, No. 18-2179, 2019 WL 3786557, at *3 (Vet. App. Aug. 13, 2019). No such requirement exists under § 1155.

The unique requirements of the VA's definition of "disability" as compared to other definitions is further demonstrated by comparison to other areas of law. For example, the United States Court of Appeals for the Federal Circuit has found that disability compensation under the VA schedule does not preclude recovery under the Federal Tort Claims Act. *Seymour v. Principi*, 245 F.3d 1377, 1380–81 (Fed. Cir. 2001), citing *United States v. Brown*, 348 U.S. 110, 113 (1954). Other courts within this Circuit have found that the VA ratings are "assessed pursuant to a standard

4

entirely different from that imposed by the Rehabilitation Act (which incorporates the ADA standards)." *Mosley v. Potter*, No. CIV. A. H-08-484, 2009 WL 3672830, at *4 (S.D. Tex. Nov. 2, 2009). It likewise found that VA disability determinations have no collateral estoppel or res judicata effects in Social Security Disability cases because the programs hold different concepts of disability. *Tietze v. Richardson*, 342 F. Supp. 610, 614 (S.D. Tex. 1972). As such, Defendant has not established that Plaintiff's disability award under one legal framework is "plainly inconsistent" with claims of disability under a wholly separate standard requiring a different analysis.

Lastly, Defendant offers a second argument to preclude Plaintiff's disability recovery. During his second deposition, Plaintiff testified "I don't feel I was disabled due to the back injury now anyway. I was [] hurting after the accident, but now my back injury and shoulder injury is gone." (Doc. 52–3, at p. 94). Defendant argues that this amounts to unequivocal testimony that Plaintiff's disabilities were not caused by the accident forming the basis for this litigation. (Doc. 52–2, at p. 18). However, this deposition occurred nearly four years after the accident at issue. Even if the injury abated over time, the testimony does not prove, as a matter of law, that Plaintiff had no disability claims following the 2015 accident.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion for Partial Summary Judgment (Doc. 52)** is **DENIED**.

Baton Rouge, Louisiana, this 18th day of August, 2020

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**