**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ELROY DOUCET** **CIVIL ACTION**

**VERSUS**

**R. & R. BOATS, INC.** **NO. 17-00421-BAJ-EWD**

**ORDER**

Before the Court is Defendant's **Motion *In Limine* To Strike ALMA's New Claim For Recovery (Doc. 59)**, seeking to strike Intervenor Plaintiff American Longshore Mutual Association, Ltd.'s ("ALMA") claimed right of recovery under *Federal Marine Terminals, Inc. v. Burnside Shipping Co.*, 394 U.S. 404 (1969). *Burnside* permits a direct action against a third-party tortfeasor in addition to any recovery under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901, *et seq*. ALMA opposes Defendant's Motion. (Doc. 60).

The Court has carefully reviewed this matter and finds that the Motion should be granted for the reasons advanced in Defendant's supporting memorandum. Based on the face of its Complaint of Intervention (Doc. 6) (the "Intervenor Complaint"), ALMA failed to adequately plead a claim for recovery under *Burnside*. A *Burnside* claim, as will be discussed, is a tort action and therefore a plaintiff must establish that (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached the duty; (3) the plaintiff suffered damages; and (4) the breach of the duty proximately caused the damages. *See Crear v. Omega Protein, Inc.* 86 Fed.Appx. 688, 691

(5th Cir. 2004).

When a party makes a motion to intervene, it must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Just as any other complaint, the sufficiency of an intervenor complaint is determined by Federal Rule of Civil Procedure ("Rule") 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The intervenor complaint need not set out "detailed factual allegations," but must contain something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The primary purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

While ALMA adequately pleaded its claim for a lien on Plaintiff's recovery under the LHWCA, it failed to adequately plead a *Burnside* claim. The U.S. Court of Appeals for the Fifth Circuit has instructed that a *Burnside* claim is an independent method of recovery "not created, expressly or impliedly, by the LHWCA and does not arise from or depend on any rights or obligations which the LHWCA imposes as between the employer and the offending third party." *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1182 (5th Cir. 1984). Instead, a *Burnside* claim allows an insurer to "assert[] the stevedore's right of direct action against the shipowner on the basis of contractual subrogation to that right." *Hartford Acc. & Indem. Co. v. Ocean Carrier*, 799 F.2d 1093, 1096 (5th Cir. 1986); *see also Burnside*,

394 U.S. at 416-17 ("We hold only that federal maritime law. . . does recognize a direct action in tort against the shipowner to recover the amount of compensation payments occasioned by the latter's negligence."). "The analysis of a maritime tort is guided by the general principles of negligence law." *Consolidated Aluminum Corp. v. C.F. Bean Corp.*, 833 F.2d 65, 67 (5th Cir. 1987) (citations omitted). Thus, a *Burnside* claim, as a tort claim, requires that an insurer plead that a shipowner owed a duty to it, that the ship owner breached that duty, and that that breach caused it damages.

In its Intervenor Complaint, ALMA alleged that its liability to Plaintiff under the LHWCA was due to the fault and negligence of Defendant. ALMA further argued that it was entitled to "recover from [Defendant] directly and by preference and priority from the first monies received by [Plaintiff], whether by way of judgment, settlement or otherwise, for the compensation, medical, expenses and attorney fees ALMA has paid pursuant to the provisions of the Outer Continental Shelf Lands Act, 43 U.S.C. §1333, *et seq.*, extending the benefits of the [LHCWA]." (Doc. 11 at ¶ 15).

ALMA now argues that the Intervenor Complaint's inclusion of the word "directly" refers to a *Burnside* claim, and that the phrase "by preference and priority" refers to a lien of under LHWCA. (Doc. 60 at 3). If ALMA sought a recovery for a claim other than under the LHWCA; however, it must have adequately pleaded a cause of action outside the LHWCA as a basis for recovery. It has failed to do so. ALMA ALMA's Intervenor Complaint does not allege that Defendant owed ALMA any duty, nor does ALMA allege that any such duty was breached. Indeed, ALMA's Intervenor Complaint never mentions any remedy outside of the LHWCA. ALMA solely pleads

that it is entitled to recover due to Defendant's negligence, which is consistent with the requirements of the LHCWA. In context, the Intervenor Complaint's use of the word "directly" indicates only that ALMA is asserting its rights under the LHCWA.

ALMA was placed on notice that it had not adequately pleaded a *Burnside* claim when the Magistrate Judge granted its Motion for Leave to File Complaint of Intervention (Doc. 10) in October 2017. The Court permitted intervention "[b]ased on LHWCA and the rights of employers and insurers set forth therein, as well as ALMA's assertion that it has made compensation payments to Plaintiff." (Doc. 10 at 6). The Court made no mention of a *Burnside* claim.

The deadline to amend pleadings was May 30, 2018 (Doc. 23). In all documentation, ALMA has argued that it is entitled to recover under the LHWCA and has never argued another cause of action until it filed its Memorandum in Opposition to Motion for Partial Summary Judgment (Doc. 53). Because the *Burnside* claim was never pleaded, Defendant has not been provided an opportunity to challenge ALMA's action. Allowing ALMA to expand the scope of its theory of recovery beyond the allegations contained within the Intervenor Complaint would run afoul of the notice pleading requirement. *See Herster v. Board Supervisors of Louisiana State University*, 221 F.Supp.3d 791, 795 (M.D. La 2016).

Accordingly,

**IT IS ORDERED** that Defendant's Motion in Limine to Strike ALMA's New Claim (Doc. 59) is **GRANTED**.

Baton Rouge, Louisiana, this 5th day of November, 2020

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**